# Exhibit A

REMILLARD & HUYNH
LAURENT J. REMILLARD, JR.   4592-0
lremillard@rh-lawyers.com
DON V. HUYNH                         7967-0
dhuynh@rh-laywers.com
RECHELLE A.M. BARBOUR    9953-0
rbarbour@rh-lawyers.com
Davies Pacific Center, Suite 2302
841 Bishop Street
Honolulu, HI 96813
Telephone No.: (808) 536-5737

**Electronically Filed
THIRD CIRCUIT
3CCV-20-0000457
16-DEC-2020
11:54 AM
Dkt. 1 CMPS**

Attorneys for Plaintiff

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| DORIE KOZUCK, | ) Civil No._____ |
| | ) (Other Non-Motor Vehicle Tort) |
| Plaintiff, | ) |
| | ) COMPLAINT; DEMAND FOR JURY |
| vs. | ) TRIAL; SUMMONS |
| | ) |
| HILTON WORLDWIDE HOLDINGS, INC.; | ) |
| PARK HOTELS & RESORTS, INC.; DOLPHIN | ) |
| QUEST, INC.; JOHN DOES 1-10; JANE DOES | ) |
| 1-10; DOE PARTNERSHIPS 1-10; DOE | ) |
| CORPORATIONS 1-10; ROE "NON-PROFIT" | ) |
| CORPORATIONS 1-10; and ROE | ) |
| GOVERNMENTAL ENTITIES 1-10 | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff above-named, by and through her attorneys REMILLARD & HUYNH, for her claims against Defendants above-named, and allege and aver as follows:

1. Plaintiff DORIE KOZUCK ("Plaintiff") is, and at all times herein, was a resident of Bonita Springs, Florida.

2. Defendant HILTON WORLDWIDE HOLDINGS, INC. ("Defendant Hilton") is, and at all times pertinent herein, was a corporation incorporated and/or formed in Delaware.

3. Defendant PARK HOTELS & RESORTS, INC. ("Defendant Park") is, and at all times pertinent herein, was a foreign profit corporation incorporated and/or formed in Delaware.

4. Defendant DOLPHIN QUEST, INC. ("Defendant Dolphin") is, and at all times pertinent herein, was a domestic profit corporation incorporated and/or formed in Hawaii.

5. Upon information and belief, at all times pertinent herein, Defendant Hilton owned and/or leased and/or operated and/or controlled the Hilton Waikoloa Village Resort located at 69-425 Waikoloa Beach Road, Waikoloa, Hawaii 96738 ("Subject Resort"), including the area at and surrounding the Dolphin Lagoon.

6. Upon information and belief, at all times pertinent herein, Defendant Park owned and/or leased and/or operated and/or controlled the Hilton Waikoloa Village Resort located at 69-425 Waikoloa Beach Road, Waikoloa, Hawaii 96738 ("Subject Resort"), including the area at and surrounding the Dolphin Lagoon.

7. Upon information and belief, at all times pertinent herein, Defendant Dolphin operated the Dolphin Quest encounters at the Dolphin Lagoon located within the Subject Resort and owned and/or leased and/or operated and/or controlled the area at and surrounding the Dolphin Lagoon.

8. As the owner and/or lessor and/or operator of the Subject Resort, Defendant Hilton and/or Defendant Park had a duty to identify and/or remove and/or eliminate and/or

otherwise warn patrons of the Subject Resort of conditions upon the premises that posed an unreasonable risk of harm to others, including Plaintiff.

9. As the owner and/or lessor and/or operator of the area at and surrounding the Dolphin Lagoon, Defendant Dolphin had a duty to identify and/or remove and/or eliminate and/or otherwise warn patrons of Dolphin Quest encounters of conditions at or surrounding the Dolphin Lagoon that posed an unreasonable risk of harm to others, including Plaintiff,

10. Defendants JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10, pursuant to Rule 17(d) of the Hawaii Rules of Civil Procedure, at all times pertinent herein, namely, as agents, servants, employees, employers, representatives, co-venturers, associates, vendors, suppliers, manufacturers, sub-contractors or contractors, and/or owners, lessees, assignees, licensees, designers, and architects of the named Defendants; and/or were in some manner, presently unknown to Plaintiff, engaged in the activities alleged herein; which conduct was a proximate cause of injuries and/or damages to Plaintiff; and/or were in some manner related to the named Defendants; and that since their "true names, identities, capacities, activities, and/or responsibilities" are presently unknown to Plaintiff or her attorneys, Plaintiff (whose attorneys have been and are undertaking an investigation to ascertain the full names and identities of the foregoing) asks leave of this Court to amend this Complaint at such time or times as the true identities, capacities, activities, and/or responsibilities of these Defendants become known.

11. At all times mentioned herein, the agents, servants, and/or employees of Defendant Hilton and/or Defendant Park and/or Defendant Dolphin were acting within the

course and scope of their agency, service, and/or employment with Defendant Hilton and/or Defendant Park and/or Defendant Dolphin.

    12.    The aforementioned conduct of Defendant Hilton and/or Defendant Park and/or Defendant Dolphin submits them to the jurisdiction of this court pursuant to the Hawai'i Revised Statutes § 634-35.

## COUNT I - NEGLIGENCE

    13.    Paragraphs 1 through 12 are re-alleged and incorporated herein by reference.

    14.    On January 2, 2019, Plaintiff and her family planned to participate in a Dolphin Quest encounter, operated and/or run by Defendant Dolphin, at the Dolphin Lagoon within the Subject Resort.

    15.    On January 2, 2019, Plaintiff arrived at the Subject Resort and walked down the stairway leading to the Dolphin Lagoon ("subject stairway"). Suddenly and without warning, Plaintiff slipped on a chipped and/or damaged stair, partly covered with sand, and fell down about 3 stairs (the "incident").

    16.    The substantial cause of the incident was the negligence of Defendant Hilton and/or Defendant Park and/or Defendant Dolphin and/or the agents and/or employees of Defendant Hilton and/or Defendant Park and/or Defendant Dolphin and/or the other Defendants (collectively "the Defendants").

    17.    The Defendants were negligent in implementing and/or installing and/or maintaining the subject stairway when they knew or should have known that prior to and/or on the date of the incident, the subject stairway was chipped and/or damaged, and posed an unreasonable risk of harm to patrons of the Subject Resort and patrons of the Dolphin Quest encounters, including Plaintiff, by collecting sand and becoming unreasonably slippery.

18. The Defendants were negligent in the maintenance of the subject stairway and negligent in failing to maintain a condition on the subject stairway free from sand and other debris.

19. The Defendants were negligent in failing to warn patrons of the Subject Resort and of Dolphin Quest encounters, including Plaintiff, of the unreasonable risk of harm posed by the subject stairway.

20. The Defendants were otherwise negligent.

21. As a direct result of the negligence of the Defendants, Plaintiff sustained painful and serious bodily injuries requiring past and/or present and/or future medical treatment.

22. By reason of the foregoing, Plaintiff has sustained general and special damages to be shown at trial.

WHEREFORE, Plaintiff demands judgment against Defendant Hilton and/or Defendant Park and/or Defendant Dolphin and/or the other Defendants, jointly and severally, as follows:

1. General Damages in an amount to be shown at trial in favor of Plaintiff;

2. Special Damages in an amount to be shown at trial in favor of Plaintiff;

3. Prejudgment interest; and

4. Costs, attorneys' fees and such other and further relief as deemed proper by the Court.

DATED:  Honolulu, Hawaiʻi, December 16, 2020.
REMILLARD & HUYNH
Attorneys for Plaintiff


By /s/ Rechelle A. M. Barbour
LAURENT J. REMILLARD
DON V. HUYNH
RECHELLE A.M. BARBOUR

5

# IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| DORIE KOZUCK, | ) Civil No. _____ <br> ) (Other Non-Motor Vehicle Tort) <br> ) |
| Plaintiff, | ) DEMAND FOR JURY TRIAL <br> ) |
| vs. | ) <br> ) |
| HILTON WORLDWIDE HOLDINGS, INC.; PARK HOTELS & RESORTS, INC.; DOLPHIN QUEST, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## DEMAND FOR JURY TRIAL

Plaintiff DORIE KOZUCK, by and through her attorneys undersigned, hereby demand trial by jury in her case above-noted.

DATED: Honolulu, Hawai'i, December 16, 2020.
REMILLARD & HUYNH
Attorneys for Plaintiff

By /s/ Rechelle A. M. Barbour
LAURENT J. REMILLARD
DON V. HUYNH
RECHELLE A.M. BARBOUR

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| DORIE KOZUCK,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>HILTON WORLDWIDE HOLDINGS, INC.; PARK HOTELS & RESORTS, INC.; DOLPHIN QUEST, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10<br><br>　　　　　　　Defendants.<br>_____ | Civil No. _____<br>(Other Non-Motor Vehicle Tort)<br><br>SUMMONS |

## SUMMONS

STATE OF HAWAI'I

　　　　To the above-named Defendant(s):

　　　　You are hereby summoned and required to file with the court and serve upon Laurent J. Remillard, Jr. or Don V. Huynh, or Rechelle A.M. Barbour, Plaintiff's attorneys, whose address is Davies Pacific Center, 841 Bishop Street, Suite 2302, Honolulu, Hawaii, 96813-4613, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the days of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

<u>This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.</u>

<u>A failure to obey this summons may result in an entry of default judgment against the disobeying person or party.</u>

DATED: Kealakekua, Hawai'i, _____.

_____
CLERK OF THE ABOVE-ENTITLED COURT